Paid 12

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

**LUCIUS ROS[illegible]**

Case: 2:26-cv-13128
Assigned To : Michelson, Laurie J.
Referral Judge: Altman, Kimberly G.
Assign. Date : 9/1/2026
Description: CMP ROSS V DOES ET AL (MRS)

Plaintiff,

v.

**WESTBOUND RECORDS,**

and DOES 1–10,

Defendants.

FILED
SEP - 1 2026
CLERK'S OFFICE
DETROIT

Civil Action No. __________

# COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiff, Lucius Ross ("Plaintiff" or "Ross"), brings this action against Westbound Records ("Westbound" or "Defendant") for copyright infringement, unauthorized exploitation of copyrighted works, failure to account for and pay royalties, breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment in the alternative, declaratory relief, equitable accounting, disgorgement, and related relief.

## I. INTRODUCTION

1. This action arises from Defendant Westbound Records' longstanding exploitation of musical works and sound recordings associated with musician, guitarist, songwriter, and Funkadelic contributor Lucius Ross ("Lucius Ross" or "Ross"), while allegedly failing to provide Ross with complete and accurate royalty accounting and failing to pay all royalties and other amounts due.

2. Over the years, musical works and recordings associated with Ross have continued to generate commercial value through record sales, reissues, compilations, licensing, streaming, digital exploitation, synchronization, distribution, public performance, mechanical exploitation, and other forms of commercial use.

3. Plaintiff contends that Westbound has received, collected, retained, administered, licensed, distributed, or otherwise benefited from revenue associated with Ross-related works while failing to provide a complete accounting identifying the source, amount, recipient, contractual basis, deductions, expenses, commissions, licenses, sub-licenses, and other disposition of those revenues.

4. Plaintiff further contends that Westbound has failed to establish that all of its continuing exploitation of the relevant works remains authorized under the applicable agreements, assignments, licenses, copyrights, renewals, termination rights, or other instruments governing the parties' respective interests.

5. Ross therefore seeks judicial determination of the parties' respective rights, a complete accounting, payment of unpaid royalties and other amounts owed, damages and profits attributable to actionable infringement, equitable relief, and all other remedies available under federal and applicable state law.

## II. PARTIES

6. Plaintiff is Lucius Ross.

7. Upon information and belief, Lucius Ross is a musician, guitarist, songwriter, recording artist, and contributor to musical works and recordings that have been commercially exploited over an extended period.

8. Defendant Westbound Records is a record company and/or music-rights entity that has claimed or exercised rights relating to musical works and sound recordings associated with Ross.

9. Plaintiff presently lacks complete information concerning Westbound's current legal entity, corporate structure, successors, assigns, subsidiaries, affiliates, licensees, distributors, administrators, and other entities through which the relevant works and royalties have been exploited.

10. Plaintiff therefore reserves the right to amend this Complaint following discovery to identify additional responsible entities and persons.

## III. JURISDICTION AND VENUE

11. This Court has federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action includes claims arising under the Copyright Act, including 17 U.S.C. §§ 106, 501, 502, and 504.

12. To the extent Plaintiff asserts contractual and other supplemental claims arising from the same nucleus of operative facts, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

13. Venue is alleged to be proper in the United States District Court for the Eastern District of Michigan, Southern Division, based upon Defendant's relevant presence and/or conduct in this District, subject to confirmation of Westbound's precise legal entity, principal place of business, contractual forum provisions, and the location of relevant conduct and records.

14. Plaintiff expressly reserves the right to amend the venue allegations after confirming Defendant's precise legal identity and applicable contractual forum-selection provisions.

## IV. FACTUAL ALLEGATIONS

15. Lucius Ross created, performed, contributed to, recorded, and/or held interests in musical works and sound recordings that were commercially exploited during his lifetime and thereafter.

16. The relevant works include works associated with Ross's musical career and his contributions to Funkadelic and related musical projects.

17. Westbound has represented, claimed, administered, distributed, or otherwise exercised rights relating to some or all of the relevant works and recordings.

18. Those rights arose, if at all, through agreements, assignments, licenses, distribution arrangements, copyright ownership, renewals, successor interests, or other instruments.

19. Plaintiff contends that the precise scope and continuing validity of Westbound's claimed rights must be established through discovery.

20. Westbound's exploitation of the relevant works has included, upon information and belief, physical recordings, reissues, compilations, digital distribution, streaming, licensing, synchronization, mechanical exploitation, and other commercial uses.

21. Each form of exploitation potentially generated revenue or royalty obligations.

22. Plaintiff has not received a complete accounting establishing the total amount of revenue generated from all relevant uses of the works.

23. Plaintiff has likewise not received sufficient documentation establishing the contractual basis for all deductions, commissions, expenses, licenses, sub-licenses, advances, reserves, or other reductions applied against royalties.

24. Westbound has failed and/or refused to provide a complete accounting of all relevant exploitation and revenues.

25. Plaintiff contends that Westbound has therefore failed to pay all royalties and other compensation due to Ross.

26. The full amount cannot presently be calculated because material information concerning sales, streams, downloads, licensing, synchronization, mechanical royalties, public-performance revenue, sub-licensing, foreign exploitation, and other revenue streams is uniquely within Defendant's possession, custody, or control.

27. Plaintiff's preliminary damages analysis previously estimated potential unpaid royalty and related damages at approximately $35,000,000, subject to revision after Defendant produces complete books and records and a qualified forensic accountant performs a full royalty audit.

28. Plaintiff does not presently allege that $35,000,000 is the final amount recoverable on every cause of action.

29. Rather, Plaintiff alleges that the amount in controversy includes all legally recoverable unpaid royalties, damages, profits, interest, statutory remedies where available, and equitable relief, in an amount to be established through discovery and trial.

## V. FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

## 17 U.S.C. §§ 106 AND 501

30. Plaintiff incorporates paragraphs 1 through 29.

31. Plaintiff owns, controls, administers, or possesses enforceable interests in copyrights and/or copyright interests associated with the relevant Ross works, either directly or through his chain of title.

32. To the extent registrations are required, Plaintiff will identify the applicable Copyright Office registrations and registration numbers through amendment and/or discovery.

33. Defendant has reproduced, distributed, publicly performed, digitally transmitted, synchronized, displayed, or otherwise exploited one or more copyrighted works without authorization to the extent such exploitation exceeded Defendant's lawful rights.

34. Defendant's conduct infringed exclusive rights protected by 17 U.S.C. § 106.

35. Each unauthorized exploitation constitutes an actionable infringement to the extent permitted by law.

36. Plaintiff seeks all remedies available under the Copyright Act, including actual damages, Defendant's attributable profits, statutory damages where legally available, injunctive relief, costs, interest, and other appropriate relief.

## VI. SECOND CAUSE OF ACTION

## UNAUTHORIZED CONTINUING EXPLOITATION / DECLARATION OF COPYRIGHT RIGHTS

37. Plaintiff incorporates paragraphs 1 through 36.

38. An actual controversy exists concerning the nature, scope, duration, ownership, and enforceability of Defendant's claimed rights in the relevant Ross works.

39. Plaintiff contends that Defendant does not possess unlimited rights to commercially exploit every Ross-related work or recording merely because Defendant may have possessed contractual or ownership interests in some works at some point in time.

40. Plaintiff further contends that any termination, reversion, renewal, successor, or other rights applicable to the works must be determined on a work-by-work basis.

41. Plaintiff therefore requests a declaration identifying the parties' respective ownership and exploitation rights.

## VII. THIRD CAUSE OF ACTION

## BREACH OF CONTRACT

42. Plaintiff incorporates paragraphs 1 through 41.

43. Agreements existed governing some or all of the rights, royalties, accounting obligations, licensing authority, distribution rights, or other financial obligations concerning the relevant works.

44. Plaintiff will produce and/or identify those agreements as they become available.

45. The agreements imposed obligations concerning royalties, accounting, reporting, payment, exploitation, licensing, and/or other compensation.

46. Defendant breached those obligations by, among other things:

a. failing to provide complete and accurate royalty statements;

b. failing to pay all royalties due;

c. failing to disclose all sources of revenue;

d. failing to disclose licensing and sub-licensing arrangements;

e. improperly deducting and/or withholding amounts;

f. failing to account for foreign and domestic exploitation;

g. failing to account for digital exploitation;

h. failing to account for reissues and compilations; and

i. otherwise failing to perform its contractual obligations.

47. Plaintiff has suffered monetary damages as a direct and proximate result.

## VIII. FOURTH CAUSE OF ACTION

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

48. Plaintiff incorporates paragraphs 1 through 47.

49. Defendant was required to exercise contractual rights and discretion in good faith and in a manner consistent with the parties' agreements.

50. Defendant allegedly exercised control over royalty accounting, exploitation, licensing, reporting, deductions, and/or payment while failing to provide Plaintiff with the information necessary to determine whether the amounts paid were accurate.

51. Defendant's conduct deprived Plaintiff of the benefits for which the parties contracted.

52. Plaintiff seeks all damages and equitable remedies permitted by applicable law.

## IX. FIFTH CAUSE OF ACTION

## EQUITABLE ACCOUNTING

53. Plaintiff incorporates paragraphs 1 through 52.

54. Defendant possesses information uniquely necessary to determine the amount of royalties and other revenues generated from the relevant works.

55. An ordinary calculation of damages is presently impossible without access to Defendant's books and records.

56. Plaintiff requests a comprehensive accounting covering all relevant exploitation, including:

a. physical sales;

b. digital sales;

c. streaming;

d. downloads;

e. compilations;

f. reissues;

g. synchronization licenses;

h. mechanical licenses;

i. public-performance revenue;

j. foreign exploitation;

k. sub-licensing;

l. publishing-related revenue;

m. advances;

n. deductions;

o. commissions;

p. reserves;

q. expenses;

r. settlements;

s. licensing fees; and

t. all other revenue associated with the relevant works.

57. Plaintiff requests an order compelling Defendant to provide a complete accounting and pay all sums determined to be due.

## X. SIXTH CAUSE OF ACTION

## UNJUST ENRICHMENT — IN THE ALTERNATIVE

58. Plaintiff incorporates paragraphs 1 through 57.

59. Defendant has allegedly received and retained financial benefits derived from exploitation of Ross-related works.

60. To the extent Defendant retained money or benefits for which it had no contractual or legal entitlement, Defendant has been unjustly enriched.

61. Plaintiff seeks restitution and disgorgement to the fullest extent permitted by law.

62. This claim is pleaded in the alternative to the extent the Court determines that an enforceable contract does not govern particular revenues or transactions.

## XI. SEVENTH CAUSE OF ACTION

## CONSTRUCTIVE TRUST / DISGORGEMENT

63. Plaintiff incorporates paragraphs 1 through 62.

64. To the extent Defendant possesses identifiable royalties or revenues belonging to Plaintiff, equitable relief is appropriate to prevent Defendant from retaining property or proceeds that belong to Plaintiff.

65. Plaintiff requests imposition of a constructive trust or other equitable remedy over identifiable proceeds determined to belong to Plaintiff.

## XII. EIGHTH CAUSE OF ACTION

## DECLARATORY AND INJUNCTIVE RELIEF

66. Plaintiff incorporates paragraphs 1 through 65.

67. An actual controversy exists concerning Defendant's continuing rights to exploit the relevant works.

68. Plaintiff requests a declaration concerning ownership, licensing rights, royalty interests, termination/reversion rights, and the scope of Defendant's authority.

69. Where Plaintiff establishes unauthorized exploitation, Plaintiff requests injunctive relief preventing further infringement.

## XIII. DAMAGES

70. Plaintiff has suffered and continues to suffer monetary injury.

71. The damages include, without limitation:

a. unpaid royalties;

b. unpaid licensing revenue;

c. unpaid mechanical royalties;

d. unpaid performance-related revenue to the extent recoverable;

e. improperly deducted amounts;

f. Defendant's attributable profits;

g. actual damages;

h. statutory damages where available;

i. prejudgment interest;

j. post-judgment interest;

k. costs;

l. attorney's fees where authorized; and

m. equitable restitution and disgorgement.

72. Plaintiff's preliminary estimate of approximately $35,000,000 is based upon the information previously available concerning the historical and continuing exploitation of Ross-related works.

73. Plaintiff expects that the amount will change following production of Defendant's complete royalty records.

74. Plaintiff therefore seeks damages in an amount to be established at trial, believed to exceed $35,000,000, together with all additional remedies available under applicable law.

## XIV. DEMAND FOR ACCOUNTING AND DISCOVERY

75. Plaintiff requests production of all documents necessary to determine the complete financial history of the relevant works.

76. Such documents should include, without limitation:

a. every agreement involving Lucius Ross or his works;

b. amendments and addenda;

c. assignments;

d. licenses;

e. sub-licenses;

f. distribution agreements;

g. publishing agreements;

h. royalty statements;

i. sales reports;

j. streaming reports;

k. download reports;

l. mechanical royalty statements;

m. synchronization licenses;

n. public-performance reports;

o. foreign royalty statements;

p. tax and revenue records relating to the works;

q. invoices;

r. bank/payment records concerning royalties;

s. advances;

t. reserves;

u. deductions;

v. commissions;

w. audit correspondence;

x. prior royalty disputes;

y. communications concerning Ross's rights; and

z. all records identifying third parties that received revenue from exploitation of the works.

## XV. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment declaring Plaintiff's rights and Defendant's rights in the relevant Ross works;

B. Determine the scope and validity of Defendant's contractual and copyright interests;

C. Determine whether Defendant infringed Plaintiff's copyrights;

D. Award Plaintiff actual damages;

E. Award Defendant's attributable profits where authorized;

F. Award statutory damages where legally available;

G. Order Defendant to provide a complete and comprehensive accounting;

H. Order Defendant to pay all unpaid royalties and other compensation determined to be due;

**I. Order restitution and/or disgorgement of improperly retained revenues;**

J. Impose a constructive trust over identifiable proceeds belonging to Plaintiff where appropriate;

K. Enjoin continuing unauthorized exploitation;

L. Award prejudgment and post-judgment interest;

M. Award costs and attorney's fees where authorized;

N. Award such additional equitable relief as the Court determines appropriate; and

O. Grant such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**LUCIUS ROSS**

By: Anthony W. Ross
Plaintiff

Date: 8-28-2026

Anthony W. Ross
4370 Faye Ct. SE
Conyers, GA 30013

Email: Ross.aw@mail.com
PH: 404-839-9149
470-530-2482

PAPER POUCH how2recycle.info

PRESS FIRMLY TO SEAL

PRIORITY MAIL EXPRESS
FLAT RATE ENVELOPE
POSTAGE REQUIRED

This package is made from post-consumer waste. Please recycle - again.

# MAIL EXPRESS®

## FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

FOR DOMESTI
PLACE

- Guaranteed d
- Guaranteed d
- USPS Trackin and many inte
- Pick up availa
- Domestic ship (restrictions a
- Signature incl

*Money Back Guara select International See DMM and IMM

**Insurance does not claims exclusions s *http://pe.usps.com.*

†Money Back Guara

WHEN USED INTERNATION

RECEIVED
SEP 01 202
CLERK'S OFF
U.S. DISTRICT C

PAPER POUCH how2recycle.info

October 2023
/2 x 9 1/2

UNITED STATES POSTAL SERVICE. **Retail**

**E**

US POSTAGE PAID
**$35.90**
Origin: 30013
08/28/26
1220460380-2

PRIORITY MAIL EXPRESS®

TALESE ROSS
4370 FAYE CT SE
CONYERS GA 30013-4602
(470) 530-2482

0 Lb 1.60 Oz
RDC 07

SIGNATURE REQUIRED

SCHEDULED DELIVERY DAY: 08/29/26 06:00 PM

C052

SHIP TO:
CLERK UNITED STATES
DISTRICT COURT
231 W LAFAYETTE BLVD
DETROIT MI 48226-2700

USPS SIGNATURE® TRACKING #

9581 7108 3781 6240 7669 20

STATES
SERVICE.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; October 2023; All rights reserved.